25CA0783 Peo v Tague 06-18-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0783
Arapahoe County District Court No. 04CR3399
Honorable David Karpel, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Daniel Duane Tague,

Defendant-Appellant.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE YUN
Lipinsky and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 18, 2026

---

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Daniel Duane Tague, Pro Se

¶ 1    Defendant, Daniel Duane Tague, appeals the postconviction court's order denying his motion to modify the mittimus.  We affirm.

## I.    Background

¶ 2    In 2006, a jury convicted Tague of first degree murder (felony murder), conspiracy to commit robbery, second degree kidnapping, robbery, and aggravated motor vehicle theft.  He was twenty years old at the time of the offenses.  The trial court sentenced him to life in the custody of the Department of Corrections (DOC) without the possibility of parole for felony murder, with lesser sentences for the other convictions, all to run consecutively to the life sentence.

¶ 3    On direct appeal, a division of this court affirmed Tague's convictions.  *People v. Tague*, (Colo. App. No. 06CA0553, July 3, 2008) (not published pursuant to C.A.R. 35(f)).  The mandate issued in 2008.

¶ 4    In 2010, Tague filed a pro se Crim. P. 35(c) motion, which his appointed counsel later supplemented.  The postconviction court denied Tague's motion after a hearing.  A division of this court affirmed the postconviction court's order.  *People v. Tague*, (Colo. App. No. 20CA0092, July 14, 2022) (not published pursuant to C.A.R. 35(e)).

1

¶ 5     In 2021, the General Assembly passed House Bill 21-1209.  As relevant here, the bill amended section 17-34-101, C.R.S. 2020, to allow individuals who were under the age of twenty-one at the time they committed their felonies and were serving a DOC sentence (except those serving life without the possibility of parole) to petition the DOC for placement in a "specialized program."  *See* Ch. 448, sec. 2, § 17-34-101(1)(a), (2), 2021 Colo. Sess. Laws 2949-50.  This program is designed to equip juveniles and young adults with skills for successful reintegration into society and to allow them to petition for early release.  *See* § 17-34-102(2), (7), C.R.S. 2025.  Relatedly, House Bill 21-1209 also amended section 18-1.3-404, C.R.S. 2020, to require courts — when sentencing to DOC custody a defendant who was under twenty-one at the time of the offense — to "make a statement that there is the possibility of the defendant being eligible to serve a portion of the defendant's sentence in the [DOC] specialized program created pursuant to section 17-34-102."  Ch. 448, sec. 5, § 18-1.3-404(2.5), 2021 Colo. Sess. Laws 2952.

¶ 6     In 2025, Tague filed a pro se motion to modify the mittimus, requesting that the postconviction court apply the provisions of House Bill 21-1209 "to his sentence."  He asserted that these

provisions applied to him because he was twenty years old at the time of his offenses. Tague asked the court to issue an amended mittimus "reflecting the cited provisions to his sentence" and to appoint counsel.

¶ 7    The postconviction court denied both Tague's motion and his request for counsel. The court found that, because statutes are presumed to apply prospectively, and House Bill 21-1209 does not expressly provide for retroactive application of section 17-34-101, the statute does not apply to Tague's case.

## II.    Discussion

¶ 8    Tague contends that the postconviction court erroneously denied his motion to modify the mittimus because (1) "House Bill 21-1209, specifically the 'Plain Language' of both section 17-34-101 and 18-1.3-404, C.R.S. (2021)[,] has a clear expression of retroactive intent," and (2) "the statutory language of both of these statutes do not expressly limit its application." We disagree.

### A.    Standard of Review

¶ 9    We review de novo whether a statute applies retroactively. *See People v. Chavarria-Sanchez*, 207 P.3d 902, 904 (Colo. App. 2009);

*see also People v. Castillo*, 2022 COA 20, ¶ 15 (de novo review applies to the denial of a postconviction motion without a hearing).

### B. Analysis

¶ 10 We affirm the postconviction court's denial of Tague's motion on two alternative grounds.

¶ 11 First, House Bill 21-1209 does not apply retroactively. Absent express legislative intent to the contrary, we presume that a statute operates prospectively — that is, it applies only to events occurring after its effective date. § 2-4-202, C.R.S. 2025; *People v. Di Asio*, 2022 COA 140, ¶ 15. "To overcome this presumption, a statute must reveal a clear legislative intent that it be applied retroactively." *Di Asio*, ¶ 15. Neither House Bill 21-1209 nor sections 17-34-101 or 18-1.3-404 contain retroactivity language. And the bill's effective date was September 7, 2021.[1] Therefore, the amendments in House Bill 21-1209 apply only to events occurring on or after September 7,

---

[1] The General Assembly did not include a specific effective date for the amendments in House Bill 21-1209. Instead, it provided that the amendments would take effect "on the day following the expiration of the ninety-day period after final adjournment of the general assembly." Ch. 448, sec. 7, 2021 Colo. Sess. Laws 2952. Because the General Assembly adjourned on June 8, 2021, the amendments took effect on September 7, 2021.

2021. Because Tague was sentenced in 2006, the amendments do not apply to him.

¶ 12    The only exception to the general presumption of prospectivity under section 2-4-202 is provided by section 18-1-410(1)(f), C.R.S. 2025, and Crim. P. 35(c)(1). *See* 18-1-410(1)(f)(1) (permitting a postconviction motion alleging "[t]hat there has been significant change in the law, applied to the applicant's conviction or sentence, allowing in the interests of justice retroactive application of the changed legal standard."); *see also* Crim. P. 35(c)(1) (providing the same). However, this exception applies only if, before the motion is filed, "judgment on that conviction has not then been affirmed upon appeal." Crim. P. 35(c)(1); *see also* § 18-1-410(1)(f)(II) (containing the same limitation); *People v. Stellabotte*, 2018 CO 66, ¶ 37 ("[R]elief under an amended statute is available only to those defendants whose convictions were not final when the amendment was enacted." (citing § 18-1-410(1)(f)(II))). Tague's conviction was affirmed on direct appeal and his conviction became final in 2008. *See Hunsaker v. People*, 2021 CO 83, ¶ 36 (when, as here, a defendant filed a direct appeal, the defendant's conviction becomes

final upon the issuance of the mandate). But Tague did not file his motion until 2025, well after his conviction became final.

¶ 13　Second, aside from the lack of retroactivity, the amendments to sections 17-34-101 and 18-1.3-404 are, by their terms, inapplicable to Tague because he is serving a life sentence without the possibility of parole. To be eligible to petition for placement in the specialized program described in section 17-34-102, an offender must be "serving a sentence in the department for a felony offense that was committed when the offender was under twenty-one years of age *and that sentence is not a sentence of life without the possibility of parole.*" § 17-34-101(1)(a) (emphasis added).

¶ 14　Accordingly, the postconviction court properly denied Tague's motion. *See People v. Cooper*, 2023 COA 113, ¶ 7 ("We may affirm the postconviction court's ruling on any ground supported by the record, whether or not the postconviction court relied on or considered that ground.").

### III.　Disposition

¶ 15　The order is affirmed.

JUDGE LIPINSKY and JUDGE SCHUTZ concur.

6